NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JUSTIN DWAYNE HILL, *Petitioner*.

No. 1 CA-CR 23-0148 PRPC

FILED 04-02-2024

---

Petition for Review from the Superior Court in Maricopa County
No.  CR2017-006213-001
The Honorable Frank W. Moskowitz, Judge

**REVIEW GRANTED; RELIEF
DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Justin Dwayne Hill, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1   Justin Hill ("Hill") seeks review of the superior court's dismissal of his request under Arizona Rule of Criminal Procedure ("Rule") 32.17 for post-conviction DNA testing and its dismissal of his subsequent Rule 32.1 notice seeking post-conviction relief ("PCR"). We grant review but deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2   The State charged Hill with committing five burglaries and one theft of five commercial establishments, including a restaurant and a coffee shop. At trial, the State presented evidence that Hill's fingerprints were found in the restaurant and coffee shop. Police officers testified that Hill "appeared to be" the person captured in surveillance video of those burglaries.

¶3   A jury found Hill guilty of burglarizing the restaurant and coffee shop, where Hill's fingerprints were found, but the jury could not reach a verdict on the other charges involving locations where Hill's fingerprints were not found. The superior court sentenced Hill to concurrent, maximum terms of 12 years' imprisonment.

¶4   Shortly after sentencing, Hill filed a PCR notice under Rule 32.1. The superior court dismissed the notice as premature because four of the charges against Hill were not yet resolved. The court granted Hill leave to refile within 90 days after sentencing on the remaining counts, or 30 days after issuance of the order and mandate in a direct appeal, whichever occurred later.

¶5   Ten months later, the superior court dismissed the four unresolved counts. Hill appealed to this court.

¶6   While his direct appeal was pending, Hill filed a second PCR notice ("Second PCR Notice") under Rule 32.1, checked all Rule 32.1 claim boxes, and elected to represent himself. Hill separately petitioned for DNA

testing under Rule 32.17 and requested the appointment of counsel ("Rule 32.17 Proceeding"). The court appointed counsel to represent Hill in the Rule 32.17 Proceeding only.

¶7 Hill filed several *pro se* motions, including requests for production of case records, an extension of time to file a petition, and a status report. The court advised Hill "[w]ith regard to the motion for status," that he "has a Rule 32.1 proceeding and a Rule 32.17 proceeding pending." The court granted in part Hill's motions for production of case records and gave him more time to file a petition, extending the deadline to February 4, 2021.

¶8 Hill continued to file *pro se* motions. The court acknowledged those filings but concluded it could not "accept any pro se filings or communications" because an attorney represented Hill. The court forwarded Hill's motions to his attorney. Hill filed another *pro se* motion for clarification, asking whether he had separate proceedings under Rules 32.1 and 32.17 and explained that he had only been appointed counsel in the Rule 32.17 Proceeding. The court did not respond to that motion but the Rule 32.17 Proceeding continued.

¶9 In the Rule 32.17 Proceeding, Hill asked for DNA testing of multiple items the perpetrator handled in the restaurant and coffee shop burglaries. Hill specifically requested DNA testing of a knife used in the restaurant burglary and the front cover plate to the register drawer at the restaurant, as well as a cash register and cash boxes from the coffee shop.

¶10 The State averred that, of the items Hill requested, only a swab from the cover plate of the cash register at the restaurant was available for testing. The superior court dismissed the Rule 32.17 Proceeding, concluding there was no reasonable probability that (1) Hill would not have been prosecuted or convicted, or (2) that the results of such testing would have led to a more favorable outcome.

¶11 On January 27, 2022, this court affirmed Hill's convictions on direct appeal. *See State v. Hill*, 1 CA-CR 19-0377, 2022 WL 244078 (Ariz. App. Jan. 27, 2022) (mem. decision). On March 1, 2022, before this court issued its mandate, Hill filed another Rule 32.1 PCR notice ("Third PCR Notice"). He stated in the Third PCR Notice that it was timely because he filed the Notice within 30 days of this court's mandate. Hill again checked all boxes for potential Rule 32.1 relief.

¶12 The superior court reviewed the Third PCR Notice. The court acknowledged that it had dismissed Hill's first notice (with leave to refile)

and the Rule 32.17 Proceeding. The court found that Hill "fail[ed] to specify the nature of the [Rule 32.1(a)] violation" and relief was precluded "[t]o the extent [Hill] could have raised the claims on appeal or in a timely Rule 32 proceeding[.]" The court found there was subject matter jurisdiction for his Rule 32.1(b) claim. The court denied the Rule 32.1(c)-(f) claims because Hill "ma[de] no effort to develop" them and "fail[ed] to state a claim for which relief can be granted[.]" The court concluded that Hill did not "assert substantive claims and adequately explain the reasons for their untimely assertion" and dismissed the Third PCR Notice pursuant to Rules 32.2(b) and 32.11(a).

**¶13** Hill seeks review of the dismissal of his Rule 32.17 Proceeding for DNA testing and the dismissal of his Third PCR Notice. We grant review under A.R.S. § 13-4239(G).

## DISCUSSION

**¶14** We review the superior court's denial of post-conviction relief, including for DNA testing, for an abuse of discretion. *See State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). But we consider legal questions *de novo*. *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021).

## I. Rule 32.17 Proceeding

**¶15** Hill argues the superior court erred by refusing DNA testing of swabs taken from the knife and cash register cover plate the suspect handled during the restaurant burglary. A criminal defendant who has been convicted and sentenced may petition the superior court for DNA testing of evidence related to the conviction. Ariz. R. Crim. P. 32.17(a); *see also* A.R.S. § 13-4240(A). The court must order testing if it finds that the evidence still exists, that it was not previously subjected to the testing now requested, and that there is "a reasonable probability . . . that the defendant would not have been prosecuted, or the defendant's verdict or sentence would have been more favorable, if DNA testing would produce exculpatory evidence." Ariz. R. Crim. P. 32.17(d)(1); *see also* A.R.S. § 13-4240(B).

**¶16** Hill contends that if testing did not reveal his DNA, then there was a reasonable probability he would not have been convicted of either burglary because surveillance video showed that the same person committed both burglaries, and the jury verdicts overall show his convictions were a "close call."

¶17        The superior court did not abuse its discretion in concluding that Hill did not meet the standard to obtain testing of the cover plate of the restaurant's cash register drawer.[1]  Fingerprint and video evidence linked Hill to the restaurant burglary.  Even if DNA testing of the cash register cover plate revealed no identifiable DNA, or DNA belonging to someone other than Hill, those results would not establish a reasonable probability that Hill would not have been prosecuted for, or convicted of, burglary because the fingerprint and other evidence placed him at the scenes.  *See* Ariz. R. Crim. P. 32.17(d)(1)(A); A.R.S. § 13-4240(B)(1); *State v. Hernandez*, 250 Ariz. 28, 33–34 ¶¶ 20–21 (2020) (holding that uncollected DNA evidence did not tend to exonerate the defendant where the evidence would only either "match [the defendant], definitively confirming he was the [offender]" or "not match [the defendant], which would not conclusively exculpate him because he may not have left identifiable DNA . . . even if he were the [offender]").

¶18        Hill argued at trial that the State's inability to connect Hill to any of the crime scenes through DNA evidence was a flaw in the State's case.  Hill further argued that the State's fingerprint evidence was insufficient to convict Hill, "especially by itself," and that "DNA [evidence] is much more objective" than fingerprint evidence, but "we don't have [DNA] in this case."  The jury was not persuaded and returned guilty verdicts for those burglaries where Hill's fingerprints were found at the crime scene.

¶19        Moreover, Hill undercuts his argument that the jury would not have found him guilty if DNA testing showed that his DNA was not located at the restaurant.  Hill does not argue that DNA evidence from the coffee shop would impact the jury's determination that he committed that burglary.  The jury clearly concluded that the fingerprint and video evidence from the coffee shop sufficiently established that Hill committed the burglary there.  And Hill admits that, based on the video footage from the crime scenes, it is "clear that the same person committed each burglary." Thus, the absence of Hill's DNA at the restaurant would not conclusively exculpate Hill.  We affirm the superior court's denial of Hill's request for DNA testing.

---

[1]        The State informed the superior court that the police never took possession of the knife used in the restaurant burglary.

## II.     Third PCR Notice

**¶20**     Hill also argues that the court improperly dismissed his Third PCR Notice. "A self-represented defendant *must file a petition* no later than 60 days after the notice is filed[.]"  Ariz. R. Crim. P. 32.7(a)(1)(A)(ii) (emphasis added).  If there is "good cause," the court may grant a 30-day extension and additional 30-day extensions if there are "extraordinary circumstances."  Ariz. R. Crim. P. 32.7(a)(1)(B).  If a Rule 32.1(b)-(h) claim is raised in a subsequent PCR notice, "the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner."  Ariz. R. Crim. P. 32.2(b).  The court is permitted to "summarily dismiss the notice" if the defendant does not provide "sufficient reasons" in the notice.  Ariz. R. Crim. P. 32.2(b); *see also* Ariz. R. Crim. P. 32.11(a) (if "no remaining claim presents a material issue of fact or law that would entitle the defendant to relief . . . the court must summarily dismiss the petition").

**¶21**     Hill argues the superior court should not have dismissed his Third PCR Notice because he "did not intend for [the Rule 32.17 petition] to be [his] Rule 32.1 petition."  But the superior court did not treat Hill's Rule 32.17 petition as his Rule 32.1 petition or dismiss his Rule 32.1 petition on the mistaken belief that the two were one and the same.  The superior court separately dismissed Hill's Rule 32.17 petition and his Third PCR Notice.

**¶22**     In arguing that he did not intend his Rule 32.17 Petition to be his Rule 32.1 Petition, Hill admits that he never filed a petition supporting his Second PCR Notice.  Rather than submitting a petition, Hill filed the Third PCR Notice.  As the superior court noted, in his Third PCR Notice, Hill "fail[ed] to specify the nature of the [Rule 32.1(a)] violation" and did not "assert substantive claims and adequately explain the reasons for their untimely assertion[.]"  The Third PCR Notice did not explain why Hill had not previously filed a petition supporting the Second PCR Notice or why he was instead submitting a third (and successive) notice.  Failure to comply strictly with Rule 32 justifies denying relief.  *State v. Carriger*, 143 Ariz. 142, 146 (1984).  Thus, the court did not abuse its discretion in dismissing Hill's Third PCR Notice.

**¶23**     Hill also makes arguments regarding the superior court's handling of his Second PCR Notice and the motions he filed relating to that notice.  Hill, for example, complains the court did not respond to his motion for clarification regarding the number of proceedings.  The superior court, however, did not resolve Hill's Second PCR Notice, and Hill's petition for

review focuses primarily on the dismissal of his Third PCR Notice. Based on the record, it appears Hill's Second PCR Notice remains pending in the superior court. Accordingly, we do not address Hill's arguments regarding his Second PCR Notice. *See* A.R.S. § 13-4239(C) ("Within thirty days after the final decision of the trial court on the petition for post-conviction relief or motion for rehearing, an aggrieved party may petition the appellate court for review of the trial court's actions."). Assuming Hill's Second PCR Notice remains pending, Hill may still address any arguments regarding that notice to the superior court.

**CONCLUSION**

¶24        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:        TM